IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-99-75-D |
| | ) | (No. CIV-17-624-D) |
| MARCUS WAYNE ELLIOTT, | ) | |
| Defendant. | ) | |

**O R D E R**

The matter before the Court is Defendant Marcus Wayne Elliott's *pro se* Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 95]. Although the Motion was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas, it was recharacterized and transferred to this judicial district by the presiding judge, United States District Judge John McBryde. *See* Case No. CIV-17-264, Order of June 2, 2017 [Doc No. 8].

Upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds the Motion is a second or successive § 2255 motion that has been filed without prior authorization of the court of appeals, as required by 28 U.S.C. § 2255(h) and § 2244(b)(3). Further, the Court finds that it lacks jurisdiction to consider the Motion and that the Motion should be dismissed without prejudice to refiling.

On August 4, 1999, Defendant pleaded guilty to the offense of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), as charged in Count 6 of the Indictment filed May 5, 1999. On April 4, 2000, Defendant was sentenced to a

term of imprisonment of 360 months, which was the low end of the guideline range under the applicable provisions of the United States Sentence Guidelines. Defendant did not appeal. On June 30, 2016, Defendant filed a § 2255 motion purporting to assert a claim that his sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Upon preliminary review of that motion, the Court summarily dismissed it "because *Johnson* did not affect [Defendant's] sentence." *See* Order of July 31, 2016 [Doc. No. 92] at 2. Again, Defendant did not appeal.[1]

The record reflects no authorization by the court of appeals for a second or successive § 2255 filing. Without prior authorization, this Court lacks subject matter jurisdiction of a second or successive motion. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). In this situation, the Court must decide whether to dismiss the matter or transfer it to the court of appeals for consideration. The court of appeals has instructed: "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Factors to be considered in deciding whether a transfer is in the interest of

---

[1] In the prior motion, Defendant complained of a two-level guideline enhancement assessed under § 2D1.1(b)(1) for possession of a firearm in connection with the drug trafficking offense. Although unclear, he may be asserting the same claim in the present Motion. If so, the Motion would be subject to dismissal under 28 U.S.C. § 2244(b)(1). However, Defendant does not sufficiently articulate his claim to permit that determination to be made; he only complains generally that the Court erred in determining his guideline range. *See* Motion at 1, 6-7.

justice "include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *See id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Cline*, 531 F.3d at 1252.

Upon examination of the Motion, the Court finds that a transfer to the court of appeals is not warranted. Defendant's Motion provides an insufficient description of his claim to permit a determination of possible merit. *See supra* note 1. Further, Defendant provides no basis to believe that the authorization standard of § 2255(h) might be met. Under the circumstances, the Court finds that the proper disposition of this matter is a dismissal for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 95] is DISMISSED for lack of jurisdiction. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where relief is denied on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds that this standard is not met here. Therefore, a COA is DENIED, and the denial shall be included in the judgment.

IT IS SO ORDERED this 26th day of June, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE